

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THELMA PERRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIRST NATIONAL BANK, d/b/a FIRST )<br>NATIONAL CREDIT CARD, )<br>)<br>Defendant. ) | No. 05 C 1470<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thelma Perry filed a putative class action[1] alleging that defendant First National Bank, d/b/a First National Credit Card failed to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). On April 29, 2005, defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56. Defendant also moved to strike the expert report of Timothy Shanahan. On August 17, 2005, plaintiff filed a motion to amend the complaint. For the reasons discussed below, the court grants defendant's for summary judgment and defendant's motion to strike the expert report. The court denies plaintiff's motion to amend the complaint.

## FACTS

Plaintiff is an individual who resides in the Northern District of Illinois. Defendant is a corporation with offices in Pierre, South Dakota. During the two years prior to the filing of the instant action, plaintiff received a credit solicitation mailing from defendant offering her a pre-approved Visa credit card. The mailing contained a brochure setting forth terms of the offer. One paragraph of the brochure, titled "Fair Credit Report Act Notice" in bold letters ("Notice"),

---

[1]The court notes that the caption fails to state that the action is brought as a class action.

advises the recipient that "the credit bureau gave us your name and address and indicated that you met our minimum credit criteria," and that "you can tell the credit bureaus to stop using your credit information for this purpose." Plaintiff did not authorize defendant to access her consumer credit report. Plaintiff alleges on information and belief that defendant accessed plaintiff's consumer report, and that defendant uses a consumer reporting agency to identify persons with poor credit or who have recently obtained bankruptcy discharges, for the purpose of targeting them for sub-prime credit offers.

Plaintiff's complaint alleges that defendant violated § 1681m(d) of the FCRA by failing to include a "clear and conspicuous" statement of certain disclosures required by the FCRA. For the reasons stated in this court's recent opinion in a similar FCRA case, Murray v. Household Bank, case no. 05 C 1227, ---- F. Supp. 2d ---- (N.D. Ill. Sept. 12, 2005), amendments to the FCRA have eliminated private rights of action under § 1681m. Plaintiff does not dispute that the credit solicitation at issue in the instant case took place in February 2005, after the amendments became effective on December 1, 2004. Accordingly, the court grants defendant's motion for summary judgment.

Plaintiff attached a report from Timothy Shanahan ("Shanahan Report"), a professor of education, to its LR 56.1 statement. The Shanahan Report is submitted in support of plaintiff's argument that the Notice was not "clear and conspicuous," and offers a "legibility analysis" of the Notice. Because no private right of action exists under § 1681m, an evaluation of the Notice is not relevant to the instant case. Accordingly, the court grants defendant's motion to strike the Shanahan Report.

On August 17, 2005, plaintiff filed a motion to amend her complaint to add a subparagraph alleging that the "offer of credit made to the consumer is a sham" because the imposition of enrollment and other fees reduced the effective amount of credit being offered to $75 with an outstanding balance of $175 subject to an annual percentage rate of 18.9%. Under Fed. R. Civ. P. 15(a), an amendment to the complaint may be made after the filing of a responsive pleading upon application for leave from the court, and such leave "shall be freely given when justice so requires." A district court need not permit an amendment, however, when "the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." Crestview Village Apts. v. U.S. Dep't of Housing & Urban Dev., 383 F.3d 552, 558 (7th Cir. 2004) (quoting Perkins v. Silverstein, 939 F.2d 463, 471-72 (7th Cir. 1991)).

In the instant case, plaintiff's proposed amendment attempts for the first time to state a claim under § 1681b(c)(1)(B)(i) of the FCRA, which permits a consumer credit agency to furnish a consumer report even though the consumer has not initiated or authorized the release only if the credit or insurance provider is extending the consumer a "firm offer of credit." In support of her argument, plaintiff cites Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), in which the Seventh Circuit reversed the district court's dismissal of the plaintiff's FCRA claim and refined the definition of a "firm offer of credit." The Cole court enumerated four factors in its finding that the plaintiff's pleadings reasonably supported her claim that the offer had no real value and was a sham made to justify access to the consumer credit reports: (1) it was not clear that credit approval was guaranteed; (2) the amount of the credit offered, $300, was relatively small; (3) the precise rate of interest was not provided; and (4) the credit could be used only toward purchases from a particular car dealership. Id. at 728.

3

Plaintiff's proposed additional factual allegations in the instant case are distinguishable from the facts of Cole. Although the minimum amount of credit offered by defendant was comparably small, $250, plaintiff does not allege that the interest rate was unclear or that approval was not guaranteed. In addition, unlike in Cole, there were no usage limitations on defendant's credit offer, which offered a Visa credit card that could be used at innumerable retail establishments. Although the initial amount of credit was small, a continuing credit line was available to plaintiff by merely accepting the offer. Having examined "the entire context" of the offer, as required by Cole, 389 F.3d at 728, the court finds that the instant offer is a firm offer of credit and not a sham advertisement or "sales pitch" for a product that would not qualify as a permissible purpose under the FCRA for accessing a consumer credit report.

Therefore, even if plaintiff were permitted to amend her complaint as proposed, she would fail to state a claim under § 1681b. Consequently, the amendment would be futile. Accordingly, the court denies plaintiff's motion to amend the complaint.

## CONCLUSION

For the reasons stated above, the court grants defendant's motion for summary judgment and defendant's motion to strike the expert report. The court denies plaintiff's motion to amend the complaint.

**ENTER:** **September 13, 2005**

_____
**Robert W. Gettleman**
**United States District Judge**

4